### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**NIKKITA MARIE AMAKER,**

        **Plaintiff,**

     **v.**

                                 **Civil Action 2:22-cv-2688**
                                 **Judge Michael H. Watson**
                                 **Magistrate Judge Chelsey M. Vascura**

**STATE OF OHIO,** *et al.*,

        **Defendants.**

### <u>ORDER and REPORT AND RECOMMENDATION</u>

Plaintiff, Nikkita Marie Amaker, an Ohio resident who is proceeding without the assistance of counsel, brings this action against the State of Ohio, Onray Evans, Destinee Lipsey, and Tamera Harris arising out of underlying domestic relations proceedings in state court. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to assert any claim over which this Court has subject-matter jurisdiction.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. It is **ORDERED** that Plaintiff be allowed to prosecute her action without prepayment of fees or costs

and that judicial officers who render services in this action shall do so as if the costs had been

prepaid.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte*

dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on

which relief can be granted. Thus, a typical initial screen involves consideration of the merits of

the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned

determines that it is unnecessary to consider the merits of the claims she advances because this

Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint

provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for

lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of

Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at

*2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at

*2 (6th Cir. June 22, 1999) (table)).

## II. ANALYSIS

Plaintiff's Complaint alleges deficiencies in prior state-court proceedings in which civil

protection orders against Plaintiff were allegedly fraudulently obtained by Defendants Onray

Evans, Destinee Lipsey, and Tamera Harris. Plaintiff further alleges that Mr. Evans, Ms. Lipsey,

and Ms. Harris falsely reported that Plaintiff contacted them after the civil protection orders were

in place, causing her to be falsely prosecuted for violating the civil protection orders. (Pl.'s

Compl., ECF No. 1-1 at PAGEID #12–13.) Plaintiff seeks review of the civil protection order

proceedings by a federal judge and dismissal of the allegedly false charges against her.

Plaintiff's allegations fail to provide a basis for a claim over which this Court has

jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained

2

in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal Rule of Civil Procedure 8(a)(1) requires a pleading to contain "a short plain statement of the grounds for jurisdiction." Fed. R. Civ. P. 8(a)(2). Thus, "a plaintiff seeking diversity jurisdiction [must] set forth the factual basis on which that jurisdiction is predicated." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Although this pleading standard does not require "detailed factual allegations," a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

In this case, Plaintiff's claims concerning the allegedly invalid civil protection orders and resulting allegedly invalid prosecution for violating those orders pertain squarely to state law and do not arise under federal laws or the United States Constitution. (*See generally* Ohio Rev. Code §§ 2919.26–27) (providing for petitions to obtain civil protection orders and making violation of such orders a criminal offense under Ohio law.) Nor has Plaintiff alleged that she and Defendants are citizens of different states or that the amount in controversy exceeds $75,000. Thus, Plaintiff

3

has failed to plausibly allege facts upon which the Court could rely to conclude that this Court has subject-matter jurisdiction over her claims.

Further, to the extent Plaintiff is attempting to overturn orders entered by a state court, a doctrine known as *Rooker-Feldman* limits this Court's ability to adjudicate such claims. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548. Thus, to the extent Plaintiff is attempting to appeal from any of the state court's decisions, this Court lacks jurisdiction over these claims pursuant to the *Rooker-Feldman* doctrine.

For these reasons, it is recommended that the Court dismiss this action pursuant to § 1915(e)(2).

## III. DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to assert any claim over which this Court has subject-matter jurisdiction.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE