UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NIKKITA MARIE AMAKER,**

    **Plaintiff,**

v.

    Civil Action 2:22-cv-2688
    Judge Michael H. Watson
    Magistrate Judge Chelsey M. Vascura

**STATE OF OHIO,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Nikkita Marie Amaker, an Ohio resident who is proceeding without the assistance of counsel, Commenced this action on July 5, 2022. (ECF No. 1.) On July 8, 2022, the undersigned issued a Report and Recommendation, recommending dismissal of Plaintiff's Complaint under 28 U.S.C. § 1915(e) for failure to assert any claim over which this Court has subject-matter jurisdiction. (ECF No. 4.) After the Clerk's mailing of that Report and Recommendation to Plaintiff was returned as undeliverable, the undersigned ordered Plaintiff to update her address within fourteen days. (ECF No. 7.) Plaintiff did so, providing a new mailing address on August 2, 2022. (ECF No. 8.) On August 4, 2022, the undersigned then directed the clerk to re-mail the Report and Recommendation to Plaintiff's new address and *sua sponte* extended Plaintiff's time to object to the Report and Recommendation until August 18, 2022. (ECF No. 10.) However, the Clerk's mailing to Plaintiff at her new mailing address has also been returned as undeliverable. (ECF No. 11.) Plaintiff's deadline to respond to the Report and Recommendation has now expired, and Plaintiff has not provided the Court with a valid mailing address despite being advised of her obligation to do so in the August 4, 2022 Order (ECF No.

10) ("[I]f Plaintiff experiences a change of address at any future date during the pendency of this matter, she must provide the Court with an updated address.").

Under the circumstances, the undersigned finds dismissal of Plaintiff's action appropriate pursuant Federal Rule of Civil Procedure 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff failed to provide the Court with an updated mailing address as directed in the August 4, 2022 Order. (ECF No. 10.) Nor has she objected to the recommendation that her Complaint be dismissed. (ECF No. 4.) Plaintiff's failure to timely comply with the clear orders

of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct.  *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal").  Because Plaintiff has missed deadlines and disregarded the Court's order, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

It is therefore **RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) for failure to prosecute.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE